Urban J. KIRSCH, individually and as Administrator of the Estate of Kenneth Kirsch, Deceased, Plaintiff,

v.

NATIONWIDE INSURANCE COMPANY, Defendant.

Civ. A. No. 81–217 ERIE.

United States District Court, W. D. Pennsylvania.

Feb. 18, 1982.

Michael E. Dunlavey, North East, Pa., for plaintiff.

James D. McDonald, Jr., Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

We have before us another case involving the intricacies of the Pennsylvania No-Fault Act.

Decedent, Kenneth Kirsch, died as a result of a two car collision in Northeast Township on November 30, 1980. At the time of his death, Kenneth was 19 years of age, and resided with his parents who, together with a sister, have survived him. Decedent's father, Urban J. Kirsch, plaintiff herein, was the owner of the vehicle driven by Kenneth at the time of his death.

Plaintiff's complaint initially made claims for survivor's loss benefits and work loss benefits, neither of which had been paid by defendant. Plaintiff has since withdrawn his claim for survivor's loss benefits, conceding that decedent was not providing support for any member of his family and plaintiff, therefore, does not fall within the statutory definition of a "survivor" entitled to recover.

The parties have filed cross-motions for summary judgment on two remaining issues. First, whether a parent of a dependent child is entitled to recover work loss benefits and second, whether the No-Fault Act allows the "stacking" of benefits where the plaintiff has a single insurance policy covering two vehicles.

The first question, whether parents of a dependent child are entitled to recover work loss benefits is a question currently in controversy in the Pennsylvania courts. In *Allstate Insurance Co. v. Heffner and Pontius v. United States Fidelity and Casualty Co.*, 491 Pa. 447, 421 A.2d 629 (1980), the Pennsylvania Supreme Court held that work loss benefits were payable as a result of the death of the insured. The remaining question was whether these benefits were payable only to statutory survivors, requiring proof of dependency, as is necessary to recover survivor's loss benefits.

Although defendant has cited several cases which have held that a showing of dependency is required, this court and others have held to the contrary. *Roman v.*

*Prudential Property and Casualty Insurance Co.*, Civil Action No. 81–11 Erie, order dated June 29, 1981; *Hartleb v. Ohio Casualty Co.*, 64 Erie L.J. 66 (1981). This court believes that the proper interpretation of *Heffner* indicates that work loss benefits are akin to Survival Act damages on a no-fault basis. Therefore, these benefits are payable to the estate of the deceased victim. See *Daniels v. State Farm*, 283 Pa.Super. 336, 423 A.2d 1284 (1980). This plaintiff claims these benefits as administrator for the estate of his son. There is no need to show dependency to recover work loss benefits, which are not limited to statutory survivors. Therefore, the plaintiff may recover work loss benefits claimed here.

■ The second issue involves the propriety of "stacking" of no-fault benefits. Plaintiff insured two separate vehicles under one insurance policy issued by the defendant. An additional premium was paid for the coverage of the second vehicle. Plaintiff alleges that since two vehicles were covered by this policy, plaintiff is allowed double recovery of no-fault benefits, amounting to $30,000 in work loss benefits. Although it has been stipulated that decedent's wage loss would exceed $30,000, defendant claims that the terms of the Act do not permit such "stacking" of no-fault benefits.

In support of its claim to cumulative benefits plaintiff draws an analogy to uninsured motorist coverage in which Pennsylvania courts have allowed stacking in cases where one policy covered two or more vehicles. *Marchese v. Aetna Casualty Insurance Co.*, 284 Pa.Super. 579, 426 A.2d 646 (1981); *Sones v. Aetna Casualty Insurance Co.*, 270 Pa.Super. 330, 411 A.2d 552 (1979). These cases have allowed stacking based upon public policy and legislative intent to provide protection to innocent victims from injuries caused by the negligence of irresponsible drivers. *Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 395, 241 A.2d 112 (1968). Plaintiff alleges that the public policy behind the Uninsured Motorist Act is the same as that underlying the No-Fault Act. Therefore stacking of no-fault benefits should similarly be permitted.

This argument fails, however, because the analogy to the Uninsured Motorist Act is faulty. The Uninsured Motorist Act was enacted specifically to provide coverage to innocent victims of negligent acts of uninsured third parties. The Act was not intended to limit causes of action against tortfeasors, but to assure recovery where tortfeasors are financially unable to pay any judgment awarded. The Act does not place any statutory maximum on the amount of coverage any individual insured can obtain, only the minimum amount of coverage each insurance policy must provide.

The No-Fault Act, on the other hand, has an entirely different purpose. The No-Fault Act provides for a specific amount of possible recovery to be awarded to victims of motor vehicle accidents, *regardless of fault*. This arrangement allows for prompt compensation to victims. However, once the statutory ceilings are exceeded, the negligent party is still liable for any further damages caused by his actions. The cause of action against the faulty driver is not limited at this point. Furthermore, the very fact that, unlike the Uninsured Motorist Act, the No-Fault Act does contain statutory ceilings in the amount of recovery indicates an intent to limit the amount of no-fault recovery under the statute. In the *Harleysville* case, the Pennsylvania Supreme Court, in their decision to allow stacking of uninsured motorist benefits stated:

The purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers. The amount of the coverage to be afforded by the uninsured motorist feature of the policy is set by the statute, but *nowhere, explicitly or implicitly, does the act place a limit on the total amount a victim may recover if he suffers a loss resulting from the negligence of an uninsured motorist.* (emphasis added) 429 Pa. at 395, 241 A.2d 112.

In contrast to that feature in the uninsured motorist statute, the No-Fault Act does specifically place such a limit on the no-fault recovery available.

The court notes that there are no Pennsylvania appellate court decisions on this specific issue.[1] In support of their contention that stacking of no-fault benefits should be permitted, plaintiffs direct our attention to the recent Philadelphia opinion, *Wilson v. Keystone Insurance Co.*, No. 3822 November Term, 1979, decided May 7, 1981. In that case, the court reviewed the legislative policy of the No-Fault Act found in Section 1009.102.

*Findings and Purposes.*

(a) Findings.—The general assembly hereby finds and declares that:

(3) The maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways, in interstate commerce, and in activity affecting interstate commerce is essential to the humane and purposeful functioning of commerce;

(4) To avoid any undue burden on commerce during the interstate transportation of individuals, it is necessary and proper to have a state wide low cost, comprehensive, and fair system of compensating and restoring motor vehicle accident victims and the survivors of deceased victims;

\* \* \* \* \* \*

(6) Careful studies, intensive hearings and some state experiments have demonstrated that a basic system of motor vehicle accident and insurance law which:

(A) assures every victim payment of all of his basic medical and rehabilitation costs, and recovery of a reasonable amount of work loss, replacement services and survivor's loss;  and

(B) eliminates the need to determine fault except when a victim is seriously injured, is such a low cost, comprehensive and fair system;

\* \* \* \* \* \*

(b) Purposes.—Therefore it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a state wide system of prompt and adequate basic loss benefits for motor vehicle victims and the survivors of deceased victims.

The court in *Wilson* paid particular attention to the goal of "maximum possible restoration", and considered the views of the courts concerning the purpose of the Uninsured Motorist Act, and reached the conclusion that:

... we believe that it is the clear intent of the No-Fault Act that there be a system of insurance whereby all injured parties covered by this act be compensated to the full extent of their injuries up to the maximum amounts of all applicable insurance policies but not in excess of the actual damages so long as the premiums are paid.

We must disagree with this court. We have already pointed out that we find fault with the analogy to the Uninsured Motorist Act policy. Furthermore, we feel that the findings and purposes found in Section 1009.102 more properly lead to another conclusion.

The legislature enacted the No-Fault Act to "assure every victim ... recovery of a *reasonable amount* of work loss, replacement services and survivor's loss." Since the legislature placed specific ceilings on those types of recovery, it can reasonably be

---

1. We note that this court has previously opined that "we see no reason to believe that ... stacking would not be allowed under the No-Fault Act." *Carey v. Electric Mutual Insurance Co.*, 500 F.Supp. 1227, 1234, n.2 (W.D.Pa.1980). That is, at best an equivocal statement of support for the principle of stacking. The facts of that case can be distinguished in that *Carey* involved two distinct policies owned by two separate persons with separate identifiable interests. Moreover, our observations at that time were made without the benefit of full briefing on this issue. Such briefing has been provided by counsel in this case and, upon full consideration of the merits, we now believe stacking to be prohibited under the No-Fault Act.

inferred that these ceilings represent that "reasonable amount" of recovery to be provided by the Act. The legislature also found that this type of insurance law "eliminates the need to determine fault except when a victim is seriously injured." The ceilings on recovery thus represent that the legislature intended to be the demarcation between serious and minor injuries. In the case of serious injury, the tortfeasor is still intended to be the liable party.

Finally, the statute contains many inferences to the necessity of this insurance to be available to all insured parties at a low cost. We agree with the reasoning of the only other Pennsylvania court decision on this issue, *Pontius v. United States Fidelity & Guaranty Co.*, 102 Dauphin Co. Rep. 432 (1981) which held that stacking is not permitted:

> Although the No-Fault Act declares essential the maximum feasible restoration of injured individuals and the compensation of economic losses, it also emphatically states and reiterates the need for its own purported design of a low cost insurance system.

The language of the legislative findings and purposes for the No-Fault Act, together with the fact that the legislature specifically included ceilings on recovery, leads this court to the conclusion that stacking is not permitted under the Pennsylvania No-Fault Act.

Finally, plaintiff claims that it is entitled to attorneys fees and 18% interest due for overdue payments pursuant to 40 P.S. 1009.106(a)(1). *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981) held that the 18% charge is not a penalty and is to be assessed for all overdue payments, regardless of the good faith of the insurer or the reasonable cause of the delay. Therefore, such an award for interest is proper here. The *Hayes* case also holds, however, that attorney's fees are only to be awarded in the event of bad faith on the part of the insurer. Since we recognize the uncertainty of the state of the law in this area, we find no bad faith delay on the part of defendant and will not award attorney's fees.