452 A.2d 530

**Merle A. MARRYSHOW, Appellee,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1982.

Filed Nov. 5, 1982.

234

Edward H. Hoffner, Stroudsburg, for appellant.

Ronald J. Mishkin, Stroudsburg, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

CAVANAUGH, Judge:

The issue on appeal is whether Merle A. Marryshow, a full time college student at the time of her injury, is entitled to work loss benefits under Section 205(c) of the No-Fault Act, and if so, whether she is also entitled to interest on overdue payments of work loss benefits under Section 106 of the

same Act. We agree with the lower court which held that the claimant was entitled to work loss benefits and awarded interest.

Merle A. Marryshow received serious personal injuries on September 9, 1978, when, as a pedestrian she was struck by a motor vehicle as she was crossing Route 611 in Swiftwater, Pennsylvania. At the time Merle was a full-time first year student at East Stroudsburg State College. She had just begun college after graduating from high school the previous spring. She had no history of gainful employment. Appellant, Nationwide Insurance Company, has paid costs of medical treatment to a appellant pursuant to a no-fault insurance policy issued to appellee's mother, Merle P. Marryshow, but has resisted payment of any work loss benefits on the basis that appellee was, and intended to continue being, a full-time college student and therefore suffered no loss of income. Suit was filed and after the case was at issue Marryshow filed a motion for summary judgment solely on the issue of entitlement to work loss benefits under the policy and applicable provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act. Judge Williams, on December 31, 1979, entered an Order to the effect that the appellant was generally responsible to appellee for work loss under the No-Fault Act, and that the obligation of the appellant to pay specific sums to appellee for work loss would be conditioned upon submission of reasonable proof of the fact and the amount of loss sustained for each monthly accrual period.

Thereafter, the case was listed for trial and the jury, by a verdict, dated October 21, 1980, awarded appellee work loss benefits for fifty-six (56) weeks at a weekly rate of One Hundred Twenty and 00/100 ($120.00) Dollars, for a total of Six Thousand Seven Hundred Twenty and 00/100 ($6,720.00) Dollars.

Appellant filed a timely post-trial Motion for Judgment N.O.V., and appellee filed a timely Motion to Mold the Verdict by adding interest in accordance with the No-Fault Motor Vehicle Insurance Act and reasonable attorney fees.

The trial court denied appellant's motion for judgment *non obstante verdicto,* denied appellee's claim for attorney's fees and permitted interest. This appeal followed.

Initially, appellant argues that work loss benefits were not intended to extend to appellee since at the time of the accident she was a non-employed person, not then in the job market and seeking employment. In the recently decided case of *Freeze v. Donegal Mutual Insurance Co.,* 301 Pa.Super. 344, 447 A.2d 999, the court dealt with the argument that work loss benefits are not due the survivors of a deceased eleven year old for the reason, inter alia, that he had not worked. In rejecting that argument the en banc majority of this court held that there was a right of recovery of work loss benefits even though the decedent was a minor who had never worked. The court stated:

Finally, although the "deceased victim" in the instant case is a minor child who had never worked, we see no difficulty in calculating his work loss.[9] Section 205(c) sets out the method by which the work loss of one not employed at the time of the accident is to be calculated:

(c) Not employed.—The work loss of a victim who is not employed when the accident resulting in injury occurs shall be calculated by:

(1) determining his probable weekly income by dividing his probable annual income by fifty-two; and

(2) multiplying that quantity by the number of work weeks, or fraction thereof, if any, the victim would reasonably have been expected to realize income during the accrual period;

40 P.S. § 1009.205(c). Because the victim was never employed the "probable annual income" referred to in Section 205(c)(1) will be "the average annual gross income of a production or nonsupervisory worker in the private nonfarm economy in the state in which the victim is domiciled for the year in which the accident resulting in injury occurs" as required by Section 205(d)(C) of the Act. 40 P.S. § 1009.205(d)(C).

447 A.2d at 1004–05 (footnote omitted).[1]

■ Other cases dealing with claims for work loss benefits where there is a negative history at the time of the accident have also reached the conclusion that this factor does not in itself negate eligibility for benefits under Section 205. *See Callahan v. State Automobile Mutual Insurance Co. of Ohio,* 18 D & C 3rd 190 (1981); *Reynolds v. Nationwide Mutual Insurance Co.,* 303 Pa.Super. 31, 449 A.2d 62 (1982); and *cf. Erie Insurance Co. v. Roule,* 279 Pa.Super. 40, 420 A.2d 733 (1980); *Dorsey v. Harleysville Mutual Insurance Co.,* 285 Pa.Super. 124, 426 A.2d 1173 (1981). We conclude that an absence of employment history is not per se, a basis for precluding the right to work loss benefits under Section 205(c).

■ The court charged the jury in accordance with § 205(d)(C), using the average annual income of a production or nonsupervisory worker in the private or nonfarm economy for Pennsylvania for the applicable year, which was $255.00 per week, and instructed them to determine the number of weeks that the claimant would have reasonably expected to realize income during the accrual period (40 P.S. § 1009.205(c)(2)). The jury found a work loss of fifty-six weeks "prorated" at $120.00 weekly for a total of $6,720.00.

The appellee as the verdict winner is entitled to have the evidence considered in a light most favorable to herself. *Eddystone Fire Co. No. 1 v. Continental Insurance Companies,* 284 Pa.Super. 260, 425 A.2d 803 (1981). So considered, the verdict is clearly supported by the evidence. Appellee suffered a fracture of the left humerus, fracture of the left femur, fracture of the right tibia and fracture of the anterior portion of the pelvis. She suffered a residual deformity of the knee, necessitating surgical intervention in the form of an osteotomy which was performed in December 1979,

1. Interestingly, the court in reaching this conclusion relied on and quoted from the opinion written by Judge Arlington Williams on the motion for summary judgment in the present case. See *Marryshaw [Maryshow] v. Nationwide Mutual Insurance Co.,* 13 D & C 3d 172 (1979).

fifteen months after the accident. Appellee testified that a year after the accident she decided not to go back to college, that she unsuccessfully sought work in the summer of 1980 when she felt capable of performing work short of hard manual employment. Her physician's testimony fully supported the jury's determination as to the period of time that appellee's disability affected her reasonable expectations to realize income.

We agree with the lower court's determination that interest in the amount of 18% be added to the sum due, effective November 21, 1980, which was thirty days after the verdict; the trial being the first time claimant could be said to have submitted reasonable proof of the fact and amount of the work loss. 40 P.S. § 1009.106(a)(2).

The argument of Marryshow of entitlement to attorney's fees was abandoned at oral argument in this case.

Judgment affirmed.