## Castello v. Fireman's Fund Insurance Company

*John F. Cambest,* for plaintiff.
*Robert A. Arcovio,* for defendant.

FINKELHOR, *J.,* September 6, 1984—This case is before the court en banc for disposition of the mo-

tion for summary judgment filed by defendant insurance carrier. The sole issue is whether the estate of a retiree is entitled to work-loss benefits under the Pennsylvania No-fault Act, 40 P.S. §1009 et seq., based on income derived from pension and social security benefits.

The facts are not in dispute. On February 16, 1982, plaintiff's decedent Carl E. Foltmar was struck by a vehicle while crossing a street.[1] The driver of the vehicle was insured by defendant Fireman's Fund, in accordance with the No-fault Act. As a result of injuries suffered, Foltmar died on March 4, 1982.

Foltmar was 89 years old at the time of the accident. He did not own a car and his only income was from pension and social security. Because of decedent's age, it is undisputed that he would not have returned to the work force had he survived. The estate filed a claim for work-loss benefits which was denied by Fireman's Fund. Thereafter, the estate brought the within action in assumpsit, alleging that work-loss benefits were due and owing the estate.

The basis for defendant's motion for summary judgment[2] is that, due to the age of decedent and the fact that he had been retired for a number of years prior to the accident, he did not suffer "work loss" as defined in sections 103 and 205 of the act. 40 P.S. §§1009.103, 1009.205.

---

1. There is a presently pending negligence action against the driver of the vehicle at no. G.D. 82-8046.

2. By agreement of the parties and with the approval of the court, the motion was submitted on briefs.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. Summary judgment may only be entered in the clearest of cases and after examining the record in the light most favorable to the nonmoving party. Judgment may be entered only where there is not the slightest doubt as to the absence of a triable issue of material fact. 2 Goodrich Amram 2d §1625(b):3 (1976).

It is well established that the estate of a person fatally injured in an automobile accident is entitled to recover work-loss benefits under the No-fault Act. Allstate Ins. Co. v. Heffner, 491 Pa. 447, 421 A.2d 629 (1980); Wingeart v. State Farm Mut. Auto Ins. Co., 302 Pa. Super. 524, 449 A.2d 40 (1982). It is also established that such benefits are payable regardless of whether decedent was, in fact, employed at the time of the accident.

As the court stated in Minier v. State Farm Mut. Auto Ins. Co., 309 Pa. Super. 53, 454 A.2d 1078 (1982).

"The No-fault Act, then, does not require questions to be asked as to the reason why a victim is not employed at the time of the accident. Nor does it make any distinctions, other than in the method of calculation, between those who have been laid off, those never employed, those who have quit or those who have retired. It provides for some recovery of work-loss benefits for those who were not employed at the time of the accident, notwithstanding the reason for their lack of employment, depending on

some probability of income forthcoming had the accident not happened.

. . .

"A rule barring survivors of deceased retired persons from collecting work-loss benefits would be based on an assumption that all retired persons earn no further income. Such an assumption does not merit any comment. And we decline to find such a rule lurking in the interstices of the No-fault Act. The true issue is whether the individual retired person had any 'probable' income or reasonable expectation thereof. It is a matter of proof in each case . . . ." 454 A.2d at 1078-79.

See also, Dorsey v. Harleysville Mut. Ins. Co., 285 Pa. Super. 124, 426 A.2d 1173 (1982); Freeze v. Donegal Mut. Ins. Co., 301 Pa. Super. 344, 442 A.2d 999 (1982); Marryshow v. Nationwide Mut. Ins. Co., 306 Pa. Super. 233, 452 A.2d 530 (1982); Anfuso v. Erie Ins. Group, 306 Pa. Super. 567, 452 A.2d 870 (1982).

In these proceedings, we are not confronted with a question of whether a retiree is entitled to work-loss benefits; but rather with the question of whether such benefits are payable to a retiree whose only "probable" or reasonably expected income would have been from pension and social security benefits. There are apparently no Pennsylvania appellate decisions on this issue and resolution of this question depends on an analysis of section 205 of the No-fault Act.

Section 205(c) of the act sets forth the method for computing the work loss of a victim who is unemployed at the time of the accident:

"(c) Not employed—The work loss of a victim who is not employed when the accident resulting in injury occurs shall be calculated by:

"(1) determining his probable weekly income by dividing his probable annual income by 52; and

"(2) multiplying that quantity by the number of work weeks, or fraction thereof, if any, the victim would reasonably have been expected to realize income during the accrual period."[3]

Section 205(d) defines the term "probable annual income":

" 'Probable annual income' means, absent a showing that it is or would be some other amount, the following:

. . .

"(B) the average annual gross income earned by the victim *from work* during the years in which he was employed not to exceed three, preceding the year in which the accident resulting in injury occurs, for a victim seasonably employed or not employed at the time of the accident; . . ." (Emphasis added.)

In Harman v. Nationwide Ins. Co., 83 Lack. Jur. 253 (1982), Judge Munly concluded, on general principles of tort law, that social security and retirement benefits could be used to calculate work-loss benefits under the No-fault Act:

"We recognize that special problems are presented in the case of injury or death of an aged person, with regard to establishing or measuring any loss of earning power. Admittedly, actions seeking such damages present different problems for a plaintiff because of the diminished or nonexistent earning capacity of the decedent . . . However, our courts have established that Social Security payments as well as retirement benefits can be considered as

---

3. The accrual period is the number of years decedent would have worked had he survived the accident. Freeze v. Donogal Mut. Ins. Co., supra at 1005.

providing a measure in determining earning capacity. Thompson v. Philadelphia, 222 Pa. Super. 417, 294 A.2d 826 (1972). See also Kraher v. Don Stewart Trucking Co., 323 F.Supp. 157 (1971). This view recognizes the established principle of Pennsylvania tort law that impairment of earning capacity resulting from physical or mental injury caused by an accident is a legitimate element of damages, and that proof of this element does not depend upon the showing that the victim was gainfully employed. Maryshaw [sic] v. Nationwide Mutual Ins. Co., 13 D.&C.3d 172 (1979).

"We believe that such an approach is realistic in cases dealing with the death of an elderly person. This attitude is particularly proper when considered in light of section 102 of the act wherein the legislature declared one of its purposes in enacting the No-fault Act was to 'assure(s) every victim payment of all his . . . reasonable amount of work loss.' " 83 Lack. Jur. at 255.

We agree with the Harman court that social security and pension benefits may be considered in computing the amount of work-loss benefits to which a victim's estate is entitled. It is clear that the entitlement to such benefits is dependent upon one's work record, the amount contributed by the employer and the employee during his or her productive years, and, with respect to pensions, the type of plan offered by the employer. It is also clear that the pension plan offered by an employer is often a significant inducement for persons to associate with or remain in the employ of a particular employer. As such, pension and similar benefits may be viewed as a form of deferred compensation for past services performed by the employee. Levitt v. Billy Penn Corp., 219 Pa. Super. 499, 283 A.2d 873 (1971).

Moreover, the estate of the deceased victim clearly suffers a "loss" or an accrued economic detriment within the meaning of section 103 of the act. Pension and social security benefits ordinarily terminate upon the death of the beneficiary and, but for the death of the victim as a result of the accident, he "would reasonably have been expected to realize income (from these sources) during the accrual period." 40 P.S. § 1009.205(a)(2).

For these reasons, we believe that pension and social security benefits payable to a retiree by virtue of his previous employment may be used to compute the work-loss benefit to which the retiree would be entitled under the No-fault Act.

Accordingly, defendant's motion for summary judgment is denied and an appropriate order attached hereto.

## ORDER OF COURT

And now, this September 6, 1984, upon the motion for summary judgment filed by defendant Fireman's Fund Insurance Companies, and based upon the attached opinion, it is hereby ordered, adjudged and decreed that said motion is denied.