**Hollinger v. Donegal Mutual Insurance Co.**

*N. Christopher Menges and W. William Anderson,* for plaintiff.

*Matthew J. Creme, Jr.,* for defendant.

MILLER, *J.,* December 19, 1985—Before the court is plaintiff's motion for summary judgment alleging that there is no genuine issue as to any material fact relating to plaintiff's entitlement to wage loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act. Finding that several issues of material fact do exist, the court denies this motion.

On January 31, 1981 minor plaintiff, Dale Martin Hollinger, Jr., collided with a vehicle owned by Freddie D. Woodard, but driven at the time by his daughter, Nellie Woodard. Coverage for the vehicle was provided by a policy of insurance issued by defendant Donegal Mutual Insurance Company pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S. § 1009.109 et seq, in effect at the time.

On or about December 31, 1982, plaintiff submitted a document to defendant titled a "Wage and Salary Verification" claiming work-loss benefits. This document is attached to plaintiff's complaint as Exhibit "B." The document is signed by a co-worker of plaintiff and represents that plaintiff began working for Charles McCoy on November 1, 1980, and continued to work for Mr. McCoy through January 31, 1981, the date of injury. Mr. McCoy is alleged to have died sometime prior to the date of this document. The co-worker represents that plaintiff was paid by Mr. McCoy at the rate of four dollars per hour and worked eight hours per week during the school year. He further represents that he would have worked 30 to 40 hours per week during summer vacation from school.

Plaintiff was born on December 13, 1967, and would therefore have begun to work for Mr. McCoy at the age of 12 years. Plaintiff alleges that there are no business records to which access can be had to substantiate the information in Exhibit "B." No other proof of wage loss was submitted by plaintiff to defendant.

Defendant has continually refused to pay work-loss benefits on the basis that plaintiff has failed to provide "reasonable proof of the fact and amount of loss sustained" as required by 40 Pa.C.S. §1009.106.

Plaintiff first asserts that its wage and salary verification form provides reasonable proof of the fact and amount of loss sustained for work-loss benefits claimed, and, therefore, plaintiff is entitled to the payment of such benefits as a matter of law. As defendant indicates in its brief, however, the case of Nanty-Glo Borough v. American Surety Company, 309 Pa. 236, 163 Atl. 523 (1932), controls the weight given this document by the court when considering the motion for summary judgment. Testimonial affidavits of the moving party or his witnesses, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment since the credibility of the testimony is still a matter for the jury. Goodrich Amram 2d., Vol. 2, §1035(b):4, p. 435.

Issues of credibility exist regarding the co-worker's knowledge of plaintiff's work schedule and pay rate, and the co-worker's competency to sign such a document. These are issues for the trier of fact to determine after a trial; therefore, a motion for summary judgment is inappropriate at this time.

Plaintiff next contends that even should the wage and salary verification form not constitute reasonable proof of a loss sustained, plaintiff may still be eligible for work-loss benefits under the No-fault

Act. In support of this proposition plaintiff cites Marryshaw v. Nationwide Mutual Insurance Company, 306 Pa. Super. 238, 452 A.2d 530 (1982). In that case plaintiff received serious personal injuries when she was struck by a motor vehicle. At the time, she was a full-time, first-year college student and had no history of gainful employment. Defendant insurance company had paid costs of medical treatment pursuant to its no-fault insurance policy but resisted payment of work-loss benefits on the basis that plaintiff was, and intended to continue being, a full-time college student, and therefore suffered no loss of income. The court held that an absence of employment history is not per se a basis for precluding the right to work-loss benefits under section 205(c) of the act and directed defendant to pay such benefits to plaintiff. Marryshaw, 306 Pa. Super. at 238. Section 205 provides the proper method for computation of work loss.

We believe, however, that this case should be read in conjunction with its lower court opinion of Marryshaw v. Nationwide Mutual Insurance Company, 13 D.&C.3d 172 (1979).* Procedurally, the case was then before the court on plaintiff's motion for summary judgment. Although the court held to the proposition cited above, it specifically stated that the victim was required to submit reasonable proof and calculation of loss to the insurer before the duty to pay would arise. Marryshaw, 13 D.&C.3d at 180. The lower court in Marryshaw, 13 D.&C.3d 172, specifically refused to order payment of a specific sum of work loss because no reasonable proof of the loss was submitted. Claimant later supplied such proof at trial.

---

* Two spellings of the claimant's name have appeared in the Reporters.

Having already determined that plaintiff has not submitted reasonable proof of the fact and the amount of the work loss sustained, plaintiff's motion for summary judgment must be denied on this ground as well.

Accordingly, we enter the following

### ORDER

And now, this December 19, 1985, plaintiff's motion for summary judgment is denied.