459 A.2d 426

Despina KAMPERIS, Individually and as parent and natural guardian to her minor children, George, Basilios and Jordanus, and Dimitrios Kantyltzoglou, Administrator of the Estate of Christos Kamperis

v.

NATIONWIDE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued March 1, 1982.

Filed April 29, 1983.

Petition for Allowance of Appeal Granted Sept. 8, 1983.

Thomas H. Goldsmith, Philadelphia, for appellant.

William A. Loftus, Philadelphia, for appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in finding appellees' action for post-mortem work loss benefits [1] under the Pennsylvania No-fault Motor Vehicle Insur-

1. Post-mortem work loss is that work loss occurring after the insured's death. *See Sachritz v. Pennsylvania National Mutual Casualty*

ance Act[2] (No-fault) timely filed. Because the statute of limitations bars the present action, we reverse the order of the lower court and deny appellees benefits.

On June 28, 1978, Christos Kamperis (decedent) was killed when he struck his head against an overpass on the Pennsylvania Turnpike, while riding atop his employer's truck. Appellees, decedent's wife, children, and estate sought and recovered workmen's compensation benefits. On July 6 and August 16, 1979, appellees requested funeral benefits from appellant, the decedent's No-fault carrier. Although appellant refused appellees' request, decedent's employer's No-fault carrier paid appellees $1,000 in funeral benefits on February 6, 1980. Appellees then sought work loss and survivor's loss benefits from appellant, but were refused on June 17, 1980. Appellees brought this action for funeral, survivor's loss and work loss benefits on July 10, 1980. The lower court granted appellees $15,000 work loss benefits plus the statutorily required interest at 18% per year calculated from August 6, 1979. This appeal followed.[3]

Appellant contends that appellees' action for post-mortem work loss benefits is barred by the statute of limitations. Our Supreme Court has recently analyzed the various statutes of limitations applicable to actions for No-fault benefits in *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982), concluding that "the legislature has provided comprehensive statutes of limitations in Sections 106(c)(1) and 106(c)(2) [of the No-fault Act], covering all no-fault benefits by drafting these sections on analogy to the statutes of limitations on traditional tort actions for personal injuries

*Insurance Co.*, 293 Pa.Superior Ct. 483, 484 n. 1, 439 A.2d 678, 679 n. 1 (1981), *aff'd* 500 Pa. 167, 455 A.2d 101 (1982).

2. Act of July 19, 1974, P.L. 489, No. 176, §§ 101–701, 40 P.S. §§ 1009.101–1009.701.

3. Appellees have not appealed from the lower court's refusing funeral and survivor's loss benefits, and thus we limit our discussion to its granting work loss benefits.

under our law, including survival actions and actions for wrongful death." 500 Pa. at 168, 455 A.2d at 102. Section 106(c)(1) provides:

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits.

This section covers actions for loss to the insured himself "in a manner analogous to the survival acts." *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co., supra,* 500 Pa. at 171, 455 A.2d at 104. Actions for benefits designed to compensate certain individuals for the damages suffered as a result of the insured's death in a manner analogous to tort damages available under the wrongful death acts are controlled by section 106(c)(2). Because post-mortem work loss benefits are "simply continuing work loss benefits, designed to compensate the decedent's estate for the loss the insured himself suffered by having his earning power cut off by death," *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co., supra,* 500 Pa. at 171, 455 A.2d at 103, and thus analogous to damages recoverable in survival actions, the statute of limitations of section 106(c)(1) applies. *Id.*, 500 Pa. 171, 455 A.2d at 104. Appellees were not paid no-fault benefits "for loss arising otherwise than from death,"[4] 40 P.S. 106(c)(1), and there-

---

4. Appellees argue that the payment of funeral expenses by the decedent's employer's no-fault carrier extended the statute of limitations on actions for further benefits brought against any other insurance companies. Funeral benefits "are designed to compensate the insured's survivors for the loss they suffer by his death," and are survivor's benefits for purposes of Section 106(c)(2). *Sachritz v.*

fore were required to bring their action for work loss benefits within two years after the loss. Although the decedent's accident and death occurred on June 28, 1978, this action was not brought until July 10, 1980, after the two years had run. Thus appellees' action for post-mortem work loss benefits was barred by the statute of limitations and, accordingly, we must reverse the order of the lower court and deny benefits.[5]

Reversed.

*Pennsylvania National Mutual Casualty Insurance Co., supra,* 500 Pa. at 174, 455 A.2d at 105. As such, they are benefits arising from the death of the insured and are specifically excluded from affecting the statute of limitations for post-mortem work loss benefits in Section 106(c)(1). Thus, because the payment of funeral benefits has no affect upon the statute of limitations for post-mortem work loss benefits, regardless of what insurance carriers pay them, we need not address the effect of one insurance company's payment of benefits upon the obligations of another.

5. Because of our disposition of this matter, we need not address appellant's remaining contentions regarding the lower court's calculation of the benefits.