469 A.2d 1382

**Despina KAMPERIS, Individually and as parent and natural guardian to her minor children George, Basilios and Jordanus, and Dimitrios Kantyltzoglou, Administrator of the Estate of Christos Kamperis, Appellants,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1983.

Decided Dec. 30, 1983.

William A. Loftus, Philadelphia, for appellants.

Thomas H. Goldsmith, Patrick McConnell Shea, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

We are called upon to address the timeliness of an action to recover work loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq. (Supp. 1983–1984) (hereinafter referred to as "the Act"). We hold that Superior Court erred in concluding the statute of limitations commences running from the date of the accident, and, thus, reverse.

Appellants' decedent, Christos Kamperis, was killed in a motor vehicle accident on June 28, 1978, while he was a passenger in his employer's vehicle and within the scope of his employment as a painter-sandblaster. Appellants, dece-

dent's wife, children and estate, recovered no-fault benefits in the form of $1,000 for funeral expenses on February 6, 1980, from Hartford Insurance Company, decedent's employer's insurer; however, appellants have had no recovery of no-fault benefits for any losses arising otherwise than from decedent's death. On July 10, 1980, two years and two weeks after decedent's accident and death, appellants filed an action against appellee, Nationwide Insurance Company, insurer of decedent's automobile, in the Court of Common Pleas of Philadelphia, seeking recovery for, *inter alia*, work loss benefits as provided by the Act. The Court of Common Pleas ordered payment of $15,000.00 in work loss benefits plus interest. Superior Court, 313 Pa.Super. 94, 459 A.2d 426, (Wieand, Beck and Hoffman, JJ.) reversed, ruling appellants' action for post-mortem work loss benefits was barred by the statute of limitations, 40 P.S. § 1009.106(c)(1), because it was filed more than two years after the accident.

■ The applicable provision of the Act regarding the limitation of time for bringing a civil action to recover work loss benefits payable under the Act is § 106(c)(1), see *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982). That section provides in pertinent part as follows:

**(c) Time limitations on actions to recover benefits.—**

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced *not later than two years after the victim suffers the loss* and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier.

40 P.S. § 1009.106(c)(1) (Supp. 1983–1984) (emphasis supplied). As § 106(c)(1) requires timely actions to be initiated "not later than two years after the victim *suffers the loss*," resolution of the question whether an action is timely must rest on a determination of the meaning of the phrase "suffers the loss" within the context of the Act. The Act

provides: "Loss accrues *not when injury occurs, but as ... work loss ... is sustained.*" 40 P.S. § 1009.106(a)(1) (emphasis supplied). Thus, the time for filing suit to recover benefits from a no-fault carrier commences, not as Superior Court concluded, on the date the accident occurs, but on the date the victim sustains the loss.

Section 103 of the Act defines "loss" as "accrued economic detriment resulting from injury arising out of the maintenance or use of a motor vehicle consisting of, and limited to ... work loss ...." 40 P.S. § 1009.103. The pertinent provision of the Act defines "work loss", in the case of a victim who is not self-employed, as "loss of gross income ...." *Id.* The plain meaning of the Act is clear: work loss is economic detriment resulting from inability to work and earn a living, *e.g.,* loss of a paycheck. In the case at bar, where the victim was gainfully employed but not self-employed prior to his death, the victim suffered the work loss on the date he could next have expected to receive his regular pay for work he would ordinarily have performed in due course, but for the accident. The record does not disclose the next date on which Mr. Kamperis would have expected to receive compensation for his labors in the event of the non-occurrence of his untimely accident. We hold the statute of limitations contemplates commencement of the period for bringing the action on the date the victim would next have expected to receive compensation for work he would have performed had the motor vehicle accident not occurred. Thus, the statute of limitation, 40 P.S. § 1009.106(c)(1), contemplates commencement of the action not later than two years after the date Mr. Kamperis *missed his next expected paycheck.*

Our inquiry does not end here, however, as, in furtherance of its broad remedial purposes, the Act clearly looks to a continuing series of losses with each failure of a victim to receive his or her normal financial remuneration for work the victim could have performed had the accident not rendered the victim unable to work. This is evident by review of the provision of § 106(a)(1): "No-fault benefits

are payable monthly as loss accrues. Loss accrues not when injury occurs, but as ... work loss ... is sustained." 40 P.S. § 1009.106(a)(1). Thus, it is clear that work loss is sustained each time a victim suffers economic detriment, or, as in the case at bar, misses a paycheck he would ordinarily have earned, but for the injuries sustained in the accident. Section 202(b) of the Act provides, in pertinent part, "Work loss, as defined in section 103 shall be provided ... (2) up to a total amount of fifteen thousand dollars ($15,000)." 40 P.S. § 1009.202(b)(2). Thus, the period of limitations provided in § 106(c)(1) must be construed to mean that, where as here no-fault benefits have not been paid for loss arising otherwise than from death, and the work loss was known to have been caused by the accident, an action to recover work loss benefits under the Act may be commenced (a) within two years from any time the victim suffers work loss as a result of the accident, *Cf., Murphy v. Prudential Property & Casualty Insurance Co.,* 503 Pa. 528, 469 A.2d 1378 (1983) (action to recover cost of medical services only barred by statute of limitations insofar as it sought recovery of medical services rendered more than two years before action commenced); (b) within two years after the victim's accrued work loss equals the maximum amount recoverable under the Act for work loss, $15,000, 40 P.S. § 1009.-202(b)(2) and (c) not later than four years after the accident.

▇ As there are not sufficient facts of record to enable us to determine when Mr. Kamperis would have received his next paycheck, or when Mr. Kamperis would have suffered total work loss equal to $15,000, the maximum amount recoverable under the statute, we are unable to conclude whether the instant action was timely. Therefore, the order of the Superior Court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

HUTCHINSON, J., files a concurring and dissenting opinion.

LARSEN, J., files a dissenting opinion.

HUTCHINSON, Justice, concurring and dissenting.

Without abandoning my view that *Heffner v. Allstate,* 491 Pa. 447, 421 A.2d 629 (1980) is wrongly decided, I join Mr. Justice Flaherty's opinion in this case, which I read as limiting postmortem work loss actions to two years from the date each payment of lost wages would have been due, absent the loss, in an amount equal to the paychecks then due within that portion of the two year period remaining when the action is filed, up to a $15,000.00 maximum, or whatever portion of that $15,000.00 amount the plaintiff would sustain within four years of the accident.

LARSEN, Justice, dissenting.

The question raised in this appeal is whether or not appellants' action for work loss benefits was filed timely.

The appellants' decedent was killed in an automobile accident on June 28, 1978. At the time of his death, the decedent was in the course of his employment, riding as a passenger in his employer's vehicle. On October 17, 1978, the employer's No-fault insurance carrier paid $5,000.00 in survivor's loss benefits. On February 6, 1980, $1,000.00 toward the funeral bill was also paid by the employer's carrier.[1] Subsequently, the appellants presented a claim for work loss benefits to decedent's personal no-fault insurer, the appellee, Nationwide Insurance Company. Appellee denied the claim.[2]

On July 10, 1980, two years and two weeks after the accident and death of the decedent, suit was filed against appellee for recovery of the benefits which appellee refused to pay. The lower court found in favor of appellants and

1. As a result of negotiations, the funeral expenses were paid in part by the employer's Workmen's Compensation carrier and in part by the employer's no-fault insurance carrier.

2. The appellants also made claims of the appellee for funeral expenses and survivor's loss benefits which were likewise denied.

ordered payment of work loss benefits in the sum of $15,-000.00, plus interest.[3]

On appeal, the Superior Court reversed, holding that appellants' action was not brought within two years after the loss and, therefore, was barred. The Superior Court's opinion fixes the date of decedent's death as the date of loss. I agree with the majority that, for the purposes of the statute of limitations, the date of death is not the date of loss. I disagree, however, with the majority's construction of 40 P.S. § 1009.106(c)(1) which holds that where there is a claim for work loss benefits, the statute contemplates commencement of an action not later than two years after the victim misses his next expected paycheck.

The statute of limitations applicable to actions for the recovery of no-fault benefits is set forth in Section 106(c) of the No-fault Act.

(c) Time limitations on actions to recover benefits.—

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another

3. The suit initiated by appellants also sought recovery of funeral expenses and survivor's loss benefits. The trial court's denial of these benefits was not appealed.

claimant may be commenced not later than two years after the last payment of benefits. If no-fault benefits have been paid for loss suffered by a victim before his death resulting from the injury, an action for survivor's benefits may be commenced not later than one year after the death or six years after the last payment of benefits, whichever is earlier.

Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 106, 40 P.S. § 1009.106.

This Court has construed the statutory provisions quoted above, as follows: "106(c)(2) covers no-fault benefits, including funeral expenses which, like wrongful death damages, are designed to compensate the insured's survivors for the loss they suffer by his death; 106(c)(1) covers other no-fault benefits [including work loss benefits], designed to compensate the insured himself." *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company*, 500 Pa. 167, 174, 455 A.2d 101, 105 (1982) (Larsen, J., dissenting.) "Work loss and other no-fault benefits belonging to the insured or a deceased insured's representative are subject to a two year statute." *Id.*, 500 Pa. at 177, 455 A.2d 101, 107. The instant action brought for the recovery of work loss benefits belonging to the decedent's representative is therefore governed by Section 106(c)(1) of the Act.

For an action to be timely, Section 106(c)(1) requires that it be initiated "not later than two years after the victim *suffers the loss* ...". 40 P.S. § 1009.106(c). We are concerned here with the pivotal phrase, "after the victim suffers the loss." Consideration of the meaning of that phrase must be within the context of the No-fault Act and in light of the statute's broad remedial purposes.

Since its enactment, we have consistently interpreted the No-fault Act by applying the rule of liberal construction prescribed by the Statutory Construction Act. 1 Pa.C.S.A. § 1928. We often have recognized that a prime objective of the No-fault Act, as set forth in its declaration of "Findings and Purposes," is: "the maximum feasible restoration of all individuals injured and compensation of the economic losses

of the survivors of individuals killed in motor vehicle accidents on Commonwealth highways ..." [4]

> "[T]he courts of this Commonwealth have routinely followed [the spirit of this statutory declaration] and found coverage for the insured in close or doubtful insurance cases. The tendency has been that if we should err in ascertaining the intent of the legislature ..., we should err in favor of coverage for the insured."

*Allstate v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980).

The accident of June 28, 1978, which resulted in the immediate death of the appellants' decedent, is not the date of loss within the contemplation of the statute of limitations, as urged by the appellee and as held by the Superior Court. Further, the date of loss is neither the date the decedent first failed to receive a paycheck as a result of the injuries he sustained in the accident, nor is it the date he "suffered the maximum amount recoverable under the Act for work loss, $15,000", as the majority holds. Decedent's accidental death is the event which activated the appellee insurer's contractual duty to pay, to those entitled, the benefits it agreed to pay. Correspondingly, this event activated the rights of the victim and his survivors to receive payment of the benefits provided for by the insurance contract. Part of those benefits which the appellant has a duty to pay and the appellant has a right to receive are wage loss benefits occasioned by the decedent's inability to engage in or continue to engage in gainful employment activities.

In passing the No-fault statute the General Assembly declared that its legislative policy aim was "to establish at reasonable cost to the purchaser of insurance, a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." 40 P.S. § 1009.102(b). The intent in enacting the no-fault system of basic loss benefits is expressed in Section 102(a)(6) of the Act. There it is stated that the system:

4. Act of July 19, 1974, P.L. 489, No. 176, Art. I § 102, 40 P.S. §§ 1009.102.

"Assures every victim payment of all his basic medical and rehabilitation costs, and recovery of a reasonable amount of work loss, replacement services and survivor's loss ..." 40 P.S. § 1009.102(a)(6)(A).

The No-fault Act provides for the prompt and *sure* recovery of basic loss benefits instead of delayed and uncertain awards of the court. See: *Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975).

Because the No-fault Act assures a victim and a victim's survivors payment of all basic loss benefits, no loss is suffered, within the contexual sense of the act, at the time of the accident, at the amount of death, or when a paycheck is missed. It is when the insurance carrier breaches its contractual duty to pay the required benefits that loss is suffered. The failure to pay the benefits is the event which gives rise to a cause of action in assumpsit against the insured. It is inconsistent with concepts of fairness and with the remedial purposes of the No-fault Act to hold that a cause of action is barred by a statute of limitations which begins to run before the cause of action arises. See: *Bond v. Gallen,* 292 Pa.Super. 207, 437 A.2d 7 (1981).

In the present case, the decedent was killed in an automobile accident on June 28, 1978. At that time the decedent's right to work loss benefits was activated. No cause of action against the appellee insurer arose as a result of decedent's accident and death. Further, no cause of action arose when the decedent's next expected payday passed without a paycheck.[5] The appellants' requested that the appellee pay work loss benefits pursuant to the provisions of the no-fault insurance contract between appellee and decedent. When appellee declined to pay the benefits, which according to the record was on June 17, 1980, the appellants suffered a loss, a cause of action in assumpsit arose against the appellee, and the statute of limitations

5. Where a deceased victim is unemployed but nonetheless is entitled to work loss benefits (40 P.S. § 1009.205), he would not be expecting a next paycheck at the time of the accident.

began to run. Appellants' action filed less than one month later was timely [6].

Although I concur in reversing the order of the Superior Court, I dissent to the majority's construction of Section 106(c) of the No-fault Act.

---

[6]. It is to be noted that in cases where no-fault benefits for loss arising otherwise than by death have not been paid, any action for recovery of benefits must be commenced no later than four years after the accident, regardless of when the victim "suffers the loss." 40 P.S. § 1009.106(c).