## O'Brien v. State Farm Insurance Company

*Ronald W. Shipman,* for plaintiff.
*John W. Ashley, Charles J. Fonzone,* for defendant.

WILLIAMS, *P.J.,* November 30, 1984—This matter is before the court on defendant's motion for summary judgment. Plaintiff has made claim in his pleadings for survivor's benefits and work-loss benefits pursuant to the Pennsylvania No-fault Motor Vehicle Isurance Act. 40 Pa. C.S. §1009.101 et seq. Defendant, State Farm Insuance Company, alleges that plaintiff's claims are barred by section 106 of the No-fault Act, which sets forth the applicable limitations periods for actions brought pursuant to the act. After careful review of the entire record in this matter, we find the following to be relevant.

On July 17, 1977, plaintiff's decedent, Louise Katherine O'Brien, was a passenger in an auto-

mobile which was involved in a collision. Ms. O'Brien was fatally injured in that collision. At the time of her death, Ms. O'Brien was 19 years old and was employed as a waitress at The Golden Pheasant Inn, Bucks County, Pa. She would have received her next paycheck on July 31, 1977.

On or about September 19, 1977, plaintiff submitted and prepared a claim for benefits allegedly due under decedent's insurance policy. On September 20, 1977, he prepared and submitted an application for "maximum benefits pursuant to policy". In response thereto, defendant paid plaintiff $382 in funeral expenses on or about October 10, 1977, and $1,000 in survivor's benefits on June 2, 1978.

Plaintiff's instant suit, initiated on July 12, 1983 (nearly six years after the accident) by praecipe for writ of summons, seeks work-loss benefits in the amount of $15,000 and additional survivor's benefits in the amount of $4,000. Defendant contends that these claims are barred by the applicable statute of limitations, as set forth in section 106 of the No-fault Act and as recently interpreted by our appellate courts. 40 Pa. C.S. § 1009.106; Sachritz v. Pa. National Mutual Casualty Insurance Co., 500 Pa. 167, 455 A.2d 101 (1982); Kamperis v. Nationwide Insurance Co., 503 Pa. 536, 469 A.2d 1382 (1983); Guiton v. Pa. National Mutual Casualty Insurance Co., 503 Pa. 547, 469 A.2d 1388 (1983).

We must agree with defendant. It is clear that claims made pursuant to the No-fault Act are limited by the provisions of section 106 of the act. Sachritz, supra. As the Pennsylvania Supreme Court noted in Sachritz:

"the legislature has provided comprehensive statutes of limitations in Section 106(c)(1) and 106(c)(2), covering all no-fault benefits by drafting these sections on analogy to the statutes of limita-

tions on traditional tort actions for personal injuries under our law, including survival actions and actions for wrongful death." Id. at 168. Thus, any claim brought pursuant to the No-fault Act must be brought within the time period set for that type of claim, as reflected in section 106 of the act. 40 Pa. C.S. § 1009.106. Section 106 reads, in relevant part:

"(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss, . . . or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits.

(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits. . . ." 40 Pa. C.S. § 1009.106(c)(1)(2).

The Sachritz opinion dictated that claims for Heffner-type[1] work-loss benefits, such as the claim before us, are governed in no-fault by the limitations

1. Reference is to Allstate Insurance Co. v. Heffner, 491 Pa. 447, 421 A.2d 629 (1980), interpreting the extent of "post-mortem benefits", in particular, work-loss benefits when insured is deceased.

of section 106(c)(1). Sachritz, supra at 171. The court specifically noted, in drawing such a conclusion, that it was not making an implication that such benefits (i.e., post-mortem benefits) are an additional category of no-fault benefits, but that such recovery is merely an extension of commonly-recognized (work-loss) benefits. Id. at 170. The Sachritz court further clarified the statutory limitations period by holding that claims for funeral expenses are governed by section 106(c)(2), as are survivor's benefits, and accordingly, are limited to an initial one-year period.

The mandates of section 106(c) have been further deliniated by our Supreme Court. The statutory period of subsection (1) is triggered by the point in time when "the victim suffers the loss". That point in time was recently determined by our Supreme Court to be, in cases of claimed work loss, "the date when [the victim] could next have expected to receive his regular pay for work he would ordinarily have performed in due course, but for the accident". Kamperis, supra at 540.

Applying these standards to the matter before us, we find that plaintiff's claims are barred by section 106 of the No-fault Act.

Plaintiff's claim for post-mortem work-loss benefits expired on or about August 1, 1979, two years after the plaintiff's decedent could next have expected to receive her regular pay for work she would ordinarily have performed in due course, but for the accident. Sachritz, supra; Kamperis, supra; 40 Pa. C.S. §1009.106(c)(1). Plaintiff's arguments to the contrary are unpersuasive.

Plaintiff essentially argues that, for all practical purposes, the category of post-mortem work-loss benefits did not exist until the Heffner decision, rec-

ognizing such benefits, was handed down and therefore his cause of action for such benefits was not created until that time. Such an argument is without merit. As the Supreme Court specifically pointed out in Sachritz, the Heffner decision did not create a new category of no-fault benefits; it merely interpreted existing no-fault coverage, albeit in a more expansive manner than was previously recognized. The Heffner decision did not create a new cause of action in the plaintiff or in anyone else. Furthermore, according to plaintiff, the Heffner decision was handed down on April 12, 1979, nearly four months prior to expiration of the two-year period of section 106(c)(1). Plaintiff has not shown that he was under any disability during those four months which would have precluded him from claiming Heffner-type post-mortem work-loss benefits.

Plaintiff contends that his cause of action did not accrue until April 12, 1979, and that it was thereafter tolled for a period of years due to a pending class action suit.[2] We are not persuaded by such an argument. Neither are we persuaded by plaintiff's plea for leave to file an amended complaint which would allegedly set forth an estoppel claim against defendant. Plaintiff implies, by reference to a footnote in the Sachritz opinion, that defendant should be estopped from asserting the statute of limitations as a defense in this action because the policy in-

---

2. Plaintiff's reference is to Nye v. Erie Insurance Exchange, 307 Pa. 464, 453 A.2d 677 (1982), a class-action suit dealing with no-fault work-loss benefits which was initiated in November, 1979, nearly four months after the statutory period had expired.

volved deceptively limited "work-loss" benefits in a manner which was ultimately contrary to Heffner's interpretation of those benefits. Plaintiff neglects to acknowledge that a period of nearly four months expired between the Heffner decision and the expiration of the applicable statutory period. There is no support for his suggestion that defendant had a duty to contact plaintiff before the statutory period expired and inform him that he may want to claim additional benefits in light of Heffner. Clearly, defendant did not have a duty to voluntarily and unilaterally adjust all past claims in light of Heffner.

Plaintiff's claim for survivor's benefits is barred by section 106(c)(2) of the No-fault Act. 40 Pa. C.S. §1009.106(c)(2). Defendant paid $1,000 to plaintiff for survivor's benefits on June 2, 1978. That payment was the first, last and only such payment made to plaintiff.

"If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits." 40 Pa. C.S. §1009.106(c)(2). The applicable two-year period ran on or about June 3, 1980. Plaintiff's argument that the Nye case tolled the statutory period is without merit. The Nye action dealt solely with work-loss benefits and therefor did not toll the period in which plaintiff could have brought his action for additional survivor's benefits.

## ORDER OF COURT

And now, this November 30, 1984, defendant's motion for summary judgment is granted.