## Rider v. Lehr

*Joseph D. Shein, William B. Anstine, Jr.,* for plaintiffs.

*Craig A. Stone,* for defendants Shipley-Humble, Inc. and Ronald Lehr.

*Mark E. Garber, Jr., deputy attorney general,* for the Commonwealth, Department of Transportation.

*Frank B. Boyle,* for defendant Renault Corp.

MILLER, *J.,* December 26, 1984—The court has before it for disposition plaintiffs' motions for new trial in each case and defendants' motions to mold the verdict.

These cases were tried as death actions resulting from a motor vehicle accident which occurred on interstate Route 83 north of York, in which both decedents died. The cases were tried together and the jury returned a verdict in favor of the estate of Roger E. Markey in the amount of $95,000 and in favor of the estate of Anna N. Markey in the amount of $45,000. The jury determined that defendant, Shipley-Humble, was responsible for 60 percent of the damages and that defendant, Commonwealth of Pennsylvania, was responsible for 40 percent of those damages. The court directed a verdict in favor of defendant, Renault Corporation.

We have considered the reasons advanced by plaintiffs in their motion for a new trial and find

them to be without merit. Accordingly, we refuse plaintiffs' motions for a new trial.

Defendants ask the court to mold the verdict so as to reduce that verdict by any amounts to which plaintiffs would be entitled under decedents' no-fault insurance policies. Plaintiffs' decedent, Roger E. Markey, is alleged to have owned four vehicles, each of which was covered by no-fault insurance. Defendants theorize that since plaintiffs would attempt to "stack" the benefits to be claimed under the no-fault policies, the verdicts should be reduced in sums which "stack" those benefits.

It is sufficient to say that "stacking" of benefits is no longer permitted in Pennsylvania. When we turn to the jury's verdicts, we note that as to each of decedents, the jury returned a general verdict against defendants without breaking those verdicts down in subtotals of pain and suffering, work loss, loss of earning capacity, or loss of consortium. Defendants did not object to the verdict form, nor did either of them request that special findings be made by the jury. We are satisfied, therefore, that defendants have waived their right to object to the form of the verdicts.

As to the request of defendants that the verdicts be molded to reflect work loss, we refer to the case of Williams v. Dulaney, 331 Pa. Super. 373, 480 A.2d 1080 (1984), wherein the court pointed out that the concept of work loss is vastly different from loss of earning capacity. The court stated, "The plain meaning of the act is clear; work loss is economic detriment resulting from the inability to work; in other words, the loss of paycheck." Kamperis v. Nationwide Insurance Co., 503 Pa. 536, 469 A.2d 1382 (1983). We are therefore satisfied that where, as here, there is no showing of actual wage loss, but only of a diminished earning ca-

pacity, and where there has been no special finding by the jury of any amount of wage loss as contrasted to lost earning capacity, the court may not mold the verdict to reflect any claim to be made against the victim's no-fault insurance carrier on account of the work-loss provisions in that policy. We will, therefore, refuse to mold the verdict in that respect.

Having determined that the court may not mold the verdict by deducting from it any sums to be claimed under the work-loss provisions of decedent's no-fault insurance policy, we turn to the question of delay damages. Pennsylvania Rule of Civil Procedure 238(f) reads as follows:

"[I]f an action is brought after the effective date on a cause of action which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action or from a date six months after the effective date of this rule, whichever date is later."

This case of action arose on September 6, 1978, and suit was brought after April 15, 1979, the effective date of the rule. Thus, subsection (f) governs the point in time from which damages are to be assessed. The latter date in the instance of both estates is the date of the filing of the initial complaint. The initial complaint in Mr. Markey's suit was not filed until May 30, 1980; the initial complaint in Mrs. Marley's suit was filed on January 13, 1981.

Rule 238(a)(1) provides that delay damages shall be added by the court to the verdict at the rate of 10 percent per annum not compounded. Subsection (e) of the Rule provides that:

"If a defendant at anytime prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues

that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court . . . shall not award damages for delay for the period after the date the offer was made."

It appears that the total sum of $96,000 had been offered by defendants on March 12, 1982, in full settlement of the cases. Of this figure, $60,000 was offered by Shipley-Humble, Inc. and $30,000 by defendant, Commonwealth of Pennsylvania. The balance was offered by a third defendant who was dismissed from the case by the court during the trial. Since we have refused to mold the verdict, there can be no question that the verdict represents an amount substantially in excess of the settlement offer. We are, therefore, satisfied that Rule 238 damages are properly allowable upon the full amount of the verdict from the date of the initial complaint in the matter of the estate of Roger E. Markey, no. 78-S-2968, that being May 30, 1980, and from the date of the initial complaint in the matter of the estate of Anna M. Markey, no. 80-S-3230, that being January 13, 1981, until the date of the verdict, October 26, 1982. We therefore add delay damages in no. 79-S-2968 in the amount of $41,852.30, and in no. 80-S-3230 in the amount of $17,037.50.

Accordingly, we enter the following

## ORDER

And now, this December 26, 1984, plaintiffs' motions for new trial are overruled and refused as are defendants' motions to mold the verdicts. In accordance with the verdicts and Pennsylvania Rule of Civil Procedure 238, we enter judgment on the verdicts as follows:

In no. 78-S-2968, in favor of plaintiffs and against defendants, Shipley-Humble, Inc. and Commonwealth of Pennsylvania, Department of Transportation, in the amount of $136,852.30, and in no. 80-S-3230, in favor of plaintiffs and against defendants, Shipley-Humble, Inc. and Commonwealth of Pennsylvania, Department of Transportation, in the amount of $62,037.50.