487 A.2d 828

**Robert J. AUGOSTINE, Appellant**

**v.**

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a Corporation.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1984.

Filed Dec. 31, 1984.

Reargument Denied March 1, 1985.

Petition for Allowance of Appeal Denied June 18, 1985.

16

Ernest B. Orsatti, Pittsburgh, for appellant.

H. Fred Mercer, III, Pittsburgh, for appellee.

Before BROSKY, TAMILIA and ROBERTS, JJ.

ROBERTS, Judge:

Robert J. Augostine appeals an order granting summary judgment in favor of his no-fault insurer, appellee Pennsylvania National Mutual Casualty Insurance Co., on his claim for medical expenses and work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 et seq. At issue on this appeal is whether appellant's claims were time-barred. We conclude that his claims were timely at least in part, and thus vacate and remand for further proceedings.

 Reviewing the record in the light most favorable to appellant, as we are required to do on appeal from a grant of summary judgment, see *Lane v. Schacht,* 260 Pa.Super. 68, 74, 393 A.2d 1015, 1018 (1978) (en banc), we note the following facts. Appellant was injured while alighting from his employer's truck in the course of his employment on September 23, 1975. Appellant's unsuccessful prelitigation efforts to obtain payment from appellee culminated in a July 16, 1979 letter notifying appellee that he had retained counsel.

Appellant filed suit against appellee on August 9, 1979, and both parties moved for judgment on the pleadings. Appellee's motion was granted, but a panel of this Court reversed and remanded on grounds that the availability of workers' compensation did not preclude appellant from obtaining no-fault payments from his own carrier. See *Augostine v. Pennsylvania National Mutual Casualty Insurance Co.,* 293 Pa.Super. 50, 437 A.2d 985 (1981).

Both parties subsequently filed motions for summary judgment, and appellee's motion was granted on February 14, 1983. The trial court believed that appellant's claim accrued upon "the refusal of [appellee] to entertain [appellant's] claim," and held the claim to be time-barred by section 106(c)(1) of the Act.

Section 106(c)(1) requires commencement of suit within two years of the date on which the victim "suffers the loss and either knows, or in the exercise of reasonable diligence

should have known, that the loss was caused by the acci- .
dent." 40 P.S. § 1009.106(c)(1). Appellant, relying upon
this Court's decisions in *Myers v. USAA Casualty Insur-
ance Co.*, 298 Pa.Super. 366, 444 A.2d 1217 (1982) and
*Murphy v. Prudential Property & Casualty Insurance
Co.*, 312 Pa.Super. 236, 458 A.2d 602 (1983), argues that the
date of "loss" should be July 16, 1979. This Court's judg-
ment in *Murphy*, which was based upon its earlier decision
in *Myers*, was reversed by our Supreme Court after this
summary judgment motion was entered. See *Murphy v.
Prudential Property & Casualty Insurance Co.*, 503 Pa.
528, 469 A.2d 1378 (1983).

■ In *Murphy*, the Supreme Court expressly rejected
the *Myers* rationale, holding that section 106(c)(1) "requires
a claimant seeking to recover the cost of an allegedly
covered service to commence suit within two years of the
date that the claimant knew or should have known that the
service rendered was necessitated by the accident." 503
Pa. at 532, 469 A.2d at 1380. The Supreme Court in
*Murphy* imposed two criteria to determine the accrual date
of a medical expense: when the medical service was ren-
dered; and whether the claimant knew or should have
known at that time that the service was necessitated by the
accident. See *id.*, 503 Pa. at 533, 469 A.2d at 1380. Since
the trial court believed that the accrual date of appellant's
claims was the date of appellee's refusal to pay, it did not
consider whether appellant knew, or should have known,
that the medical services he received were necessitated by
the accident at the time he received them. The court must
now, in the light of *Murphy*, reconsider the medical expense
claims.

On the same day that it handed down its decision in
*Murphy*, the Supreme Court determined when work loss
benefits accrue. Applying the same principle it had enunci-
ated in *Murphy*, the Supreme Court held in *Kamperis v.
Nationwide Insurance Co.*, 503 Pa. 536, 469 A.2d 1382
(1983) that

"where as here no-fault benefits have not been paid for loss arising otherwise than from death, and the work loss was known to have been caused by the accident, an action to recover work loss benefits under the Act may be commenced (a) within two years from any time the victim suffers work loss as a result of the accident (b) within two years after the victim's accrued work loss equals the maximum amount recoverable under the Act for work loss, $15,000, and (c) not later than four years after the accident."

503 Pa. at 541, 469 A.2d at 1384 (citations omitted). Accord *Guiton v. Pennsylvania National Mutual Casualty Insurance Co.*, 503 Pa. 547, 550–51, 469 A.2d 1388, 1389 (1983); *Bortner v. CNA Insurance Co.*, 332 Pa.Super. 406, 409, 481 A.2d 679, 680–81 (1984). Although *Kamperis*, *Guiton*, and *Bortner* all dealt with post-mortem work loss benefits, our Supreme Court has made it clear that such benefits are considered as belonging to the victim's estate, and thus are governed by section 106(c)(1). See *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 170–71, 455 A.2d 101, 103 (1982).

■ Applying the *Kamperis* rule to this record, it must be concluded that appellant's work loss claim was timely. Appellant has not received any no-fault benefits to date. Exclusive of workers' compensation benefits he has received, appellant's accumulated work loss reached the $15,000 statutory maximum on January 1, 1978. Under *Kamperis*, this date may be treated as the date on which appellant's work loss claim accrued. Having brought his claim within two years of this date, January 1, 1978, and within four years of the date of the accident, September 23, 1975, appellant should not have been denied his day in court.

Accordingly, the order granting summary judgment in favor of appellee is vacated, and the case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.