492 A.2d 1165

**Veronica LEWCHENKO, Administratrix of the Estate of Christopher Lewchenko, and Veronica Lewchenko and John Lewchenko, Individually and as Representatives of a Class, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed May 17, 1985.

John T. Tierney, III, Pittsburgh, for appellants.

Frank M. Gianola, Pittsburgh, for appellee.

Before CIRILLO, HOFFMAN and ROSENWALD, JJ.[1]

PER CURIAM:

This is an appeal from the lower court order granting summary judgment in favor of appellee. We affirm.

Appellants' decedent was killed in a motor vehicle accident on April 26, 1976. On October 8, 1982, appellant, Veronica Lewchenko, filed a complaint in assumpsit against appellee, State Farm Mutual Automobile Insurance Company, seeking post-mortem work loss and survivor's benefits under the Pennsylvania No-Fault Motor Vehicle Insurance

---

1. Judge Edward Rosenwald of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

Act, 40 P.S. §§ 1009.101 *et seq.*[2]  On January 7, 1983, the lower court granted appellant's motion to amend by (1) adding an additional plaintiff, John Lewchenko, as a survivor of the decedent's estate; and (2) converting the complaint into a class action on the survivors benefits issue.  On January 10, 1984, appellee's motion for summary judgment was granted, thereby prompting this appeal.

We initially find that, because neither no-fault nor survivor's benefits have been paid and appellants' action for survivor's benefits was not filed within one year of the decedent's death, summary judgment was properly granted against appellants on that claim.  *See* 40 P.S. § 1009.-106(c)(2); *Fusco v. Keystone Insurance Co.*, 312 Pa.Superior Ct. 471, 474–75, 458 A.2d 1390, 1391–92 (1983).  Similarly, because no-fault benefits have not been paid and appellants' action for post-mortem work loss benefits was not filed within four years of the accident (the maximum allowable time within which to bring an action to recover these benefits),[3] we find that summary judgment was also properly entered against appellants on that claim.  *See* 40 P.S. § 1009.106(c)(1); *Kamperis v. Nationwide Insurance Co.*, 503 Pa. 536, 541, 469 A.2d 1382, 1384 (1983).

Appellants contend, however, that the November 15, 1979 commencement of a class action in Dauphin County seeking post-mortem work loss benefits from thirty-one insurance carriers, *see Nye v. Erie Insurance Exchange*, 504 Pa. 3, 470 A.2d 98 (1983), tolled the four-year statute of limitations.  In support of this argument, they rely upon *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).  Because appellants are raising this issue for the first time on appeal, however, we may not consider it.  *Vend-A-Matic, Inc. v.*

**2.** The No-Fault Act has since been repealed. *See* Act of February 12, 1984, P.L. 26, No. 1984–11, *as amended* by Act of February 12, 1984, P.L. 53, No. 1984–12.

**3.** We need not decide the applicable statutory period of limitations here because it is clear that, even assuming that the four-year period applies, appellants are time-barred from pursuing their post-mortem work loss claim.

*Frankford Trust Co.*, 296 Pa.Superior Ct. 492, 499, 442 A.2d 1158, 1162 (1982). At oral argument counsel for appellants argued that their motion to transfer this case to the pending class action in Dauphin County sufficiently put the issue before the lower court. We cannot agree. Nowhere in that motion is the tolling issue raised or even remotely suggested, nor is *American Pipe* cited anywhere therein. Accordingly, we affirm the order of the lower court.

Affirmed.