515 A.2d 601

**Joseph E. LOJEK, Appellant,**

**v.**

**ALLSTATE INSURANCE CO.**

Superior Court of Pennsylvania.

Argued April 30, 1986.
Filed Sept. 26, 1986.

144

John P. Liekar, Jr., Canonsburg, for appellant.

Stephen P. McCloskey, Washington, for appellee.

Before DEL SOLE, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by appellant, Joseph E. Lojek, from order and judgment entered in the Washington County Court of Common Pleas in favor of appellee, Allstate Insurance Company (hereinafter referred to as "Allstate").

Appellant filed an action on May 20, 1983 to recover work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, (hereinafter referred to as "No-Fault Act"), the Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, 40 Pa.S.A. § 1009.101, *et seq.* Appellant had been injured in a motor vehicle accident on July 31, 1979. Since the accident occurred within the scope of his employment, appellant recovered workmen's compensation benefits in the form of medical expenses and wage loss indemnity payments. Allstate's liability was limited to payment of excess work loss benefits.

Allstate acknowledged that appellant was entitled to work loss benefits and began paying benefits for the period of time from May 20, 1981 through the present time, at the

rate of $110.76 per month. Allstate denied appellant's claim from the date of the accident, July 31, 1979, until May 20, 1981, more than two years prior to filing the instant action.

The case was submitted to the lower court on a stipulation of facts. The lower court sustained Allstate's position that appellant's claim for work loss benefits for the period from July 31, 1979 to May 20, 1981 was time-barred and dismissed appellant's complaint. A post-trial motion for relief was dismissed. Judgment was entered in favor of Allstate. This appeal followed, and we affirm.

Appellant presents two issues on appeal: (1) whether appellant's claim for work loss benefits for the period from July 31, 1979 to May 20, 1981 is time-barred under § 106(c)(1) of the No-Fault Act since appellant filed his claim within four years from the date of the accident; and, (2) whether appellant is entitled to attorney's fees by virtue of Allstate's failure to pay the work loss benefits claim.

Appellant contends that his claim for work loss benefits for the period from July 31, 1979 to May 20, 1981 is not time-barred under § 106(c)(1) of the No-Fault Act since § 106(c)(1) contains a four-year statute of repose which governs the instant claim for work loss benefits. Appellant states that the accident occurred July 31, 1979, and he filed his claim on May 20, 1983. Thus, appellant contends that, since his claim was filed within four years of the date of the accident, he is entitled to work loss benefits for the period from July 31, 1979 to May 20, 1981. We disagree.

The timeliness of an action to recover work loss benefits must be determined in accordance with § 106(c)(1) of the No-Fault Act. Section 106(c)(1) provides in pertinent part:

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced *not later than two years after the victim suffers the loss* and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, *or not later than four years*

*after the accident, whichever is earlier.* (Emphasis added.)

In the instant case, there is no question that appellant brought his action to recover work loss benefits within four years after the accident. However, to accept appellant's theory that he is entitled to work loss benefits solely because he brought his action to recover work loss benefits within four years after the accident, would leave the two-year statute of limitations also found in § 106(c)(1) meaningless.

Moreover, in *Kamperis v. Nationwide Insurance Company*, 503 Pa. 536, 469 A.2d 1382 (1983), and *Guiton v. Pennsylvania National Mutual Casualty Insurance Company*, 503 Pa. 547, 469 A.2d 1388 (1983), the Pennsylvania Supreme Court interpreted § 106(c)(1) and set forth the test for statute of limitations questions related to the section. The Court held:

> [A]n action ... may be commenced (a) within two years from any time the victim suffers work loss as a result of the accident ... (b) within two years after the victim's accrued work loss equals the maximum amount recoverable under the Act for work loss, $15,000, ... and (c) not later than four years after the accident.

*Kamperis*, supra, 503 Pa. at 541, 469 A.2d at 1384. *Guiton*, supra, 503 Pa. at 550–551; 469 A.2d at 1389.

■ In the instant case, we agree with the lower court that the use of the word "and" rather than "or" indicates that the Supreme Court in *Kamperis* and *Guiton* intended that a claim in order to be timely filed "must satisfy all three conditions simultaneously at the time of filing, rather than just one or two of the conditions." The lower court correctly found that the three conditions were not meant to act as alternatives. (Opinion, pp. 2–3).

In the case at bar, appellant's claim satisfied the third condition since it was filed before the four-year statute of repose expired. His claim also satisfied the second condition since he had not accrued a work loss greater than

$15,000. However, there is a question whether the first condition has been met by appellant.

In *Kamperis,* the Court ruled that work losses accrue as a victim is unable to work, and the statute of limitations begins to run when each loss is actually sustained. The victim suffered the work loss "on the date he could next have expected to receive his regular pay for work he would ordinarily have performed in due course, but for the accident." In the case at bar, the statute of limitations, 40 Pa.S.A. § 1009.106(c)(1), contemplates commencement of the action not later than two years after the date appellant missed his next paycheck following the accident. *Kamperis,* supra, 503 Pa. at 540, 469 A.2d at 1384.

■ However, work loss is sustained each time a victim suffers economic detriment, i.e. misses a paycheck which he would ordinarily have earned but for the injuries he sustained in the accident. The maximum amount recoverable under the No-Fault Act for work loss is $15,000. 40 Pa.S.A. § 1009.202(b)(2). After the maximum compensable loss of $15,000 has occurred, a cause of action has fully accrued. The victim must bring a cause of action within two years thereafter. *Kamperis,* supra, 503 Pa. at 541, 469 A.2d at 1384. In *Bailey v. Harleysville Mutual Insurance Company,* 341 Pa.Super. 420, 425, 491 A.2d 888, 891 (1985), the court stated that "new causes of action for work loss benefits do not arise periodically thereafter ad infinitum."

In the instant case, appellant failed to file his claim within two years of his next expected paycheck following this accident. The accident occurred on July 31, 1979 and his next expected paycheck was due on August 15, 1979. Appellant's claim was not filed until May 20, 1983.

■ However, appellant's failure to commence an action within two years after his accident does not bar all recovery for work loss benefits. We agree with the lower court that appellant loses the right to his first loss, but he is not foreclosed from claiming work loss from that time forward. Under the No-Fault Act, appellant sustains work loss each

time he suffers economic detriment, i.e. misses a paycheck, until he reaches the $15,000 maximum amount recoverable under the Act. 40 Pa.S.A. §§ 1009.106(a)(1), 1009.106(c)(1), 1009.202(b)(2). Each work loss gives rise to a separate cause of action with its own two-year statute of limitations. *Kamperis*, supra, 503 Pa. at 540, 469 A.2d at 1384.

All of appellant's work loss benefits which accrued within the two-year statute of limitations period between May 20, 1981 and May 20, 1983 are recoverable from Allstate. However, appellant's claim for work loss benefits from July 31, 1979 to May 20, 1981 is time-barred under § 106(c)(1) since it falls beyond the two-year statute of limitations which governs this case.

Thus, appellant's claim meets condition two and condition three, i.e. had not accrued a work loss greater than $15,000 and filed before the four-year limitation, as set forth in *Kamperis* and *Guiton*. However, it fails to satisfy totally condition one, i.e. within two years from any time the victim suffers work loss as a result of the accident. Therefore, appellant is only entitled to work loss benefits which accrued between May 20, 1981 and May 20, 1983. The work loss benefits for the period from July 31, 1979 to May 20, 1981 are time-barred under § 106(c)(1) of the No-Fault Act.

In view of our disposition of this case, appellant's claim for attorney's fees for the period of July 31, 1979 to May 20, 1981 must be denied. We are in agreement with the lower court that Allstate proceeded properly, and its denial of work loss benefits for that period was reasonable and made in good faith. (Opinion, p. 4) *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 158, 425 A.2d 419, 423 (1981).

However, Allstate also refused to pay work loss benefits for the period from May 20, 1981 through the present. It was only after appellant initiated the present lawsuit that Allstate agreed to pay all work loss benefits including interest for that period. Thus, that portion of the attorney's fees claimed by appellant is recoverable if All-

state's denial of work loss benefits for that period was unreasonable and made in bad faith. *Id.*

In the instant case, the stipulation stated that the matter was to be decided by the lower court without the necessity of a hearing and based on the stipulated facts presented. (Stipulation of Facts, p. 1). The record does not contain a sufficient stipulation of facts for us to be able to make a determination as to whether or not any counsel fees should be awarded in securing the payment of work loss benefits for the period of May 20, 1981 to the present, and the lower court does not adequately address the issue. Therefore, the matter must be remanded to the lower court for determination. Accord *Adams v. Lierka Corporation,* 463 Pa. 503, 510, 345 A.2d 632, 636 (1975).

That part of the order denying work loss benefits and attorney's fees for the period from July 31, 1979 to May 20, 1981 is affirmed.

That part of the order denying attorney's fees for the period from May 20, 1981 through the present is vacated and remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.